**Carlile CRUTCHER, an individual, Plaintiff,**

v.

**The CURTIS PUBLISHING COMPANY, a corporation, and Curtis Circulation Company, a corporation, Defendants.**

**Civ. A. No. 12258.**

United States District Court
E. D. Pennsylvania.

Jan. 11, 1956.

---

Leonard L. Kalish, Philadelphia, Pa., for plaintiff.

Philip H. Strubing, Philadelphia, Pa., for defendants.

GRIM, District Judge.

On the basis of an idea supplied in 1934 by Lawrence S. Leopold, the plaintiff, Carlile Crutcher, developed a cartoon strip bearing the name, "You Be The Judge." The name and strip were first used in commerce July 6, 1936. The plaintiff applied to the Patent Office for registration of the name on October 1, 1936, Serial No. 383,836, for "cartoons published in installments at periodical intervals" in Class 38, Prints and Publications, and the name was registered April 13, 1937, No. 344,996, under the Act of February 20, 1905, c. 592, 15 U.S. C. Sec. 81 et seq.[1]

The name was used as the title of a series of groups of cartoons. Each group was made up of a total of six horizontal strips of four consecutive drawings dealing with one subject in such a way that a publication could print all 24 drawings in one issue or one strip of four cartoons in six successive issues. The series was so arranged that it could be conveniently used for daily or Sunday publication in newspapers. The subject matter of each group of 24 was an historical event, usually a court trial, stating a problem and asking the reader to compare his opinion with the court's decision. This type of material is termed in the periodical publishing business a "feature" and is considered useful in attracting new readers and thus increasing circulation.

Between 1936 and 1942 the "feature" was purchased at various times by 71 newspapers in the United States and 21 newspapers in foreign countries. Forty domestic subscribers purchased the service in 1936, 57 in 1937, 60 in 1938, 51 in 1939, 46 in 1940, 32 in 1941, and 15 in 1942. Plaintiff entered the United States Army Air Force in May of 1942 and thereafter found it impossible to manage the sale and distribution of the "feature." The last publication date for which the "feature" was furnished to domestic subscribers was September 4, 1942, and at that time the subscribers numbered five. Statutory notice of registration of the trade-mark was applied to all material furnished by plaintiff which bore the name "You Be The Judge."

Plaintiff was released from the Air Force in January, 1946. He found that because of a shortage of newsprint newspaper publishers were not seeking to increase circulation and hence would not purchase new "features." Plaintiff did not produce the "feature" or use the name after 1942.

At some time before 1940 a Chicago radio station complained to plaintiff that it had used the name "You Be The Judge" as the title of a radio show. Because of this, plaintiff asked some newspapers to change the name of the "feature" from "You Be The Judge" to "Bela Lanan, Court Reporter" and used this second name in soliciting further subscriptions. In 1940 he advised his subscribers to use the name "You Be The Judge" again.

In 1948 defendant The Curtis Publishing Company began to publish and distribute widely in the United States and abroad, and defendant Curtis Circulation Company began so to distribute, in

---

1. Now 15 U.S.C.A. § 1051 et seq.

The Saturday Evening Post, a "feature" entitled "You Be The Judge" consisting of a single drawing accompanied by a short statement of facts, an invitation to the reader to reach his own conclusion, and a statement of the actual conclusion reached by a court. Defendants' conduct has continued.

Plaintiff first complained of defendants' use of this name by a letter from plaintiff's attorney dated November 9, 1950.

In the summer of 1940, when plaintiff was trying to sell his "feature" to the Ledger Syndicate, an enterprise associated with defendants, he discussed it at length with an associate editor and the general manager of The Saturday Evening Post.

Plaintiff brought this action for an injunction and damages claiming infringement of the registered trade-mark and of his common law rights in the trade-mark. Defendants counterclaimed for cancellation of the registration.

These facts clearly establish that defendants have infringed upon plaintiff's rights to the name. The facts likewise establish that plaintiff has no rights in the name "You Be The Judge." It is not a valid trade-mark because (1) it is merely descriptive of the content of the "feature", and (2) it has not acquired a secondary meaning which causes it to be associated by the public exclusively with plaintiff's "feature."

"You be the judge" is an expression in common use, containing no element of novelty or fancy, and is by no means unique. While not, perhaps, descriptive in the narrow sense of the word, it clearly indicates, when first encountered as the title of a "feature" in word and picture, that the reader is invited to compare his opinion with another's. This is exactly the crux of both plaintiff's and defendants' "features." Hence the name is descriptive in fact and likewise in law. 15 U.S.C.A. § 85(b) (repealed and superseded by the Lanham Act, 15 U.S.C.A. § 1052 (e) (1)).

For a name which is merely descriptive to have the protection of the law, it must be established that the name, has acquired a secondary meaning identifying it with the goods. Computing Scale Co. v. Standard Computing Scale Co., 6 Cir., 1902, 118 F. 965, Nims, Unfair Competition and Trade-Marks, Sec. 37. No evidence was introduced by plaintiff to show that the trade-mark had been used by him so long and appropriated by him so exclusively that "You Be The Judge" had come to mean to any definable group of persons the cartoon strip bearing that name. Skinner Mfg. Co. v. Kellogg Sales Co., 8 Cir., 1944, 143 F.2d 895, 898.

Since plaintiff has failed to establish a right to the exclusive use of the name, the question of abandonment does not exist.

The statement of fact and law in the foregoing opinion will constitute the Court's findings of fact and conclusions of law in the case.

Judgment will be entered, both on the complaint and on the counterclaim, in favor of the defendants and against the plaintiff.